UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────────

MATTHEW KEITH,

                Plaintiff,

v.                                                                        CASE # 18-cv-1137

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

───────────────────────────────────────────────

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | KENNETH R. HILLER, ESQ.<br>JEANNE ELIZABETH<br>                MURRAY, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | AVNI DINESH GANDHI, ESQ.<br>SIXTINA FERNANDEZ, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the Plaintiff's motion for judgment on the administrative record is **DENIED**, the Defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on October 23, 1996, and graduated high school (Tr. 28, 66, 83). Generally, Plaintiff's alleged disability consists of obsessive compulsive disorder (OCD), depression, status-post left hip surgeries, high blood pressure, and obesity. (Tr. 225). His alleged disability onset date is June 3, 2013. (Tr. 81-83). He has no past relevant work but worked as a kitchen helper since December 2016 under the level of substantial gainful activity (SGA). (Tr. 27-28).

### B. Procedural History

On November 11, 2014, Plaintiff applied for a period of Childhood Disability Benefits ("CDB") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act. (Tr. 81-83). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On July 12, 2017, Plaintiff appeared before the ALJ, Michael Carr. (Tr. 34). On November 28, 2017, ALJ Carr issued a written decision finding Plaintiff not disabled under the Social Security Act. (Tr. 12-29). On August 20, 2018, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-6). Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. Born on October 23, 1996, the claimant had not attained age 22 as of June 3, 2013, the alleged onset date (20 CFR 404.102, 416.120(c)(4) and 404.350(a)(5)).

2. The claimant has not engaged in substantial gainful activity since June 3, 2013, the alleged onset date (20 CFR 404.1571 *et seq.,* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: obesity, chronic left hip disorder, status post-surgery, hypertension, obsessive compulsive disorder, agoraphobia, unspecified depressive disorder, scoliosis, and sleep disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. The claimant cannot climb ladders, ropes, and scaffolds. The claimant cannot work at unprotected heights. The claimant is limited to performing simple, routine tasks; can only make simple work-related decisions, and cannot have in-person contact with the general public.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on October 23, 1996 and was 16 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CPR 404.1569 and 404.1569(a)).

12. The claimant has not been under a disability, as defined in the Social Security Act, from June 3, 2013, through the date of this decision (20 CFR 404.350(a)(5), 404.1520(g) and 416.920(g)).

(Tr. 15-32).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes essentially two separate arguments in support of his motion for judgment on the pleadings. First, Plaintiff argues the ALJ's RFC is not supported by substantial evidence because he rejected all the medical opinion evidence of record. (Dkt. No. 12 at 1 [Pl.'s Mem. of Law]). Second, Plaintiff argues the ALJ failed to complete the record by obtaining mental health treatment records. (Dkt. No. 12 at 1).

### B. Defendant's Arguments

In response, Defendant makes two arguments. First, Defendant argues that the ALJ's RFC finding was supported by substantial evidence. (Dkt. No. 14 at 12 [Def.'s Mem. of Law]). Second, the ALJ was not required to further develop the record. (Dkt. No. 14 at 15).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct

legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

B.     **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

### A. Opinion Evidence

Plaintiff argues the ALJ relied on his own law interpretation of bare medical findings in assessing the RFC because he had rejected all the medical opinions. (Dkt. No. 12 at 16). An ALJ's RFC determination may be supported by substantial evidence even where the ALJ rejected a specific medical opinion. The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity," *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x. 29, 34 (2d Cir. 2013), a medical source statement or formal medical opinion is not necessarily required, *see id.*; *cf Pellam v. Astrue*, 508 F. App'x. 87, 90 (2d Cir. 2013) (upholding ALJ's RFC determination where he "rejected" physician's opinion but relied on physician's findings and treatment notes). *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017).

However, this case contained several medical opinions, all of which the ALJ addressed in his decision. Contrary to the Plaintiff's broad statements, the ALJ did not "reject" all the opinion evidence, but rather found some to not be restrictive or specific enough and therefore were only afforded limited weight. (Tr. 26-27). On February 12, 2015, consultative examiner Dr. Miller opined the Plaintiff had mild to moderate limitations of repetitive squatting and kneeling. (Tr. 355).

The ALJ stated the limitations were "somewhat vague and undefined" and stated the medical evidence of record supported greater limitations of occasionally climb ramps/stairs, balance, stoop, kneel, crouch and crawl. (Tr. 30). In his analysis of the medical records the ALJ had also specifically noted earlier in the decision how medical records supported postural limitations, specifically the chronic left hip disorder and obesity. (Tr. 27-28). Similarly, the ALJ found the psychiatric consultative examiner's opinion was not restrictive enough. (Tr. 27). Dr. Ippolito opined the Plaintiff was able to follow and understand simple directions and instructions, perform simple and complex tasks independently, maintain attention and concentration, maintain a regular schedule, learn new tasks, and make appropriate decisions with no evidence of limitation. (Tr. 361). Dr. Ippolito also stated the Plaintiff could relate adequately with others and appropriately deal with stress with moderate limitations (Tr. 361). In his decision, the ALJ limited the claimant to no in-person contact with the general public because of his OCD, agoraphobia, and testimony about his difficulty being out in public and exposure to germs. (Tr. 27).

It is well established that an ALJ does not have to strictly adhere to the entirety of one medical source's opinion. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."), *see also Zongos v. Colvin*, No. 12-CV-1007, 2014 WL 788791, at *9 (N.D.N.Y. Feb. 25, 2014) (finding that it was within the ALJ's discretion to afford weight to a portion of a treating physician's opinion but not to another portion). With each opinion, the ALJ noted which portions of the opinion he relied on, which he rejected, and the reasons for his treatment of these limitations. (Tr. 29-30). Consequently, the mere fact that the ALJ found some portions of these opinions to be consistent with the evidence as a whole while others

were not is not a legal error, but rather a proper execution of the ALJ's duty to weigh all evidence and resolve conflicts. *See* 20 C.F.R. § 404.1527(d)(2) ("Although we consider opinions from medical sources on issues such as …your residual functional capacity…the final responsibility for deciding these issues is reserved to the Commissioner.").

Plaintiff does not support his arguments with evidence that he would be unable to perform the RFC assessed by the ALJ or that there were additional functional limitations warranted. As discussed above, the medical opinions were not even as limiting as found by the ALJ from his analysis of the substantial evidence. Indeed, the substantial evidence standard is so deferential that there could be "two contrary rulings on the same record [and both] may be affirmed as supported by substantial evidence." *Cage*, 692 F.3d at 127 (citing *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966)). "[O]nce an ALJ finds facts, [the Court] can reject those facts only if a reasonable factfinder *would have to conclude otherwise*." *Brault*, 683 F.3d at 448 (emphasis in original; internal quotation omitted). Plaintiff's arguments that there was an evidentiary gap from the opinion evidence and an interpretation of bare medical findings is really just a disagreement with how the ALJ evaluated the evidence. *See* Dkt. No. 12. When substantial evidence of record supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Vilardi v. Astrue*, 447 Fed. App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order); *Rouse v. Colvin*, No. 14-CV-817S, 2015 WL 7431403, at *6 (W.D.N.Y. Nov. 23, 2015) (unpublished). In this case, the ALJ meticulously weighed the medical evidence, including treatment notes, objective findings, medical opinions, and Plaintiff's testimony to reach an RFC determination that reflected his analysis of the credible evidence of record. (Tr. 15-32).

**B. Duty to Develop**

8

Plaintiff also argues the ALJ erred by not obtaining updated medical opinions or mental health treatment records from providers at Family Psychiatry. (Dkt. No. 12 at 23). An ALJ has a duty to develop the record, whether or not the claimant is represented. *Perez v. Chater,* 77 F.3d 41, 47 (2d Cir.1996). However, reviewing courts hold that ALJs are not required to seek additional information absent "obvious gaps" that preclude an informed decision. *Rosa v. Callahan,* 168 F.3d 72, 79 n. 5 (2d Cir. 1999); *see also Hart v. Comm'r of Soc. Sec.,* 5:07-CV-1270, 2010 WL 2817479, at *5 (N.D.N.Y. July 10, 2012).

At the hearing, there was discussion about previous requests for medical records and the ALJ stated he would hold the record open for Plaintiff's attorney to obtain and submit the records. (Tr. 38). Plaintiff's attorney specifically stated that records from one provider were requested to be "overinclusive, just to be on the safe-side" then remarked that it was "same thing" with records from Family Psychiatry, which was not a current provider. (Tr. 41). The ALJ had extensive discussions with the attorney about requests to the provider, including if the practice was still in existence or if there was anything returned by the postal service. (Tr. 42). The ALJ reiterated the record would be open for two additional weeks for Plaintiff's attorney to submit the records to allow for the best "longitudinally" picture. (Tr. 43). *See Smith v. Saul*, No. 18-cv-148F, 2019 WL 2537297, at *6 (W.D.N.Y. June 20, 2019) ("Generally, the ALJ's duty to develop the record is satisfied where, as here, the ALJ keeps the record open to receive further evidence after the administrative hearing but the Plaintiff fails to provide such evidence nor requests the ALJ's assistance in obtaining the records.") citing *Jordan v. Comm'r of Soc. Sec.*, 142 F. App'x 542, 543 (2d Cir. 2005). There was never a request by Plaintiff, at the hearing or in writing, for the ALJ to obtain the records and Plaintiff did not notify the ALJ after the hearing that there were any problems obtaining the records.

Further, Plaintiff's attorney was also unable to respond to ALJ's questions about what the missing records may show. (Tr. 43). At the hearing, and now, Plaintiff is unable to show there is an evidentiary gap. As cited above, "[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999). In this case, there was ample evidence regarding the claimant's mental health. The ALJ thoroughly discussed the various mental health diagnoses and treatment, including a consultative examination and records from Dent Neurologic Institute dating from July 2014 through December 2016. (Tr. 28). The assessed RFC of limiting the Plaintiff to performing simple, routine tasks; only simple work-related decisions; and inability to have in-person contact with the general public is supported by those records. There was no obvious gap that would have required the ALJ to seek additional records, especially in light of the Plaintiff being unable to state when the treatment was and what the records would show. Lastly, as pointed out by the Plaintiff in his own brief, mental health treatment was also referenced throughout Plaintiff's primary care treatment records. (Dkt. No. 12 at 26). The ALJ satisfied his duty to develop the record and there were no significant gaps in the record that prevented the RFC from being based on substantial evidence.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **<u>GRANTED</u>**.

Dated: November 27, 2019    *J. Gregory Wehrman*
     Rochester, New York    HON. J. Gregory Wehrman
                                              United States Magistrate Judge